IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | NO. 18-CR-02753-KG |
| | ) | |
| EDWARD FLEMING | ) | |
| | ) | |

OBJECTIONS TO PRE-SENTENCE INVESTIGATION REPORT

Defendant, EDWARD FLEMING, by and through his attorney of record, ORLANDO MONDRAGON, makes these objections to the Probation Department's Pre-Sentence Investigation Report ("PSR"):

### I. Defendant's Objection to paragraph 26 of the PSR: the four level increase under U.S.S.G. §2K2.1(b)(6)(B)

The PSR begins at a level 14 under U.S.S.G. §K2.1(a)(6)(A) as the Defendant is a convicted felon. Since the offense involved 3 firearms, a 2 level upward adjustment was warranted under U.S.S.G §2K2.1(b)(1)(A). An additional two level upward adjustment under U.S.S.G. §2k2.1(b)(4)(A) was awarded because the firearms were stolen. This resulted in an adjusted offense level of 18. An additional 4 level upward adjustment was applied pursuant to U.S.S.G. §2K2.1(b)(6)(b) because the firearm or ammunition was possessed in connection with another felony. Paragraph 16 of the PSR alleges the 4 level increase is based on the allegation that during the execution of the search warrant, law enforcement located 3 separate baggies containing methamphetamine on Mr. Fleming and 11 counterfeit $100 bills in Fleming's RV. Mr. Fleming objects to this assertion.

**A.** **The evidence does not establish by a preponderance of the evidence that Mr. Fleming committed another felony other that the firearms offenses.**

1

Specifically, Mr. Fleming objects that it was methamphetamine as he was not charged or arrested for this offense. Additionally, there is no lab report to indicate that it was indeed methamphetamine.

He further objects and contests that the $100 bills were counterfeit. Mr. Fleming alleges that the money alleged to be counterfeit was the equivalent of play money, that is, that it was clearly evident that it was not counterfeit, but fake money to the naked eye.

In other words, Mr. Fleming will argue that there were no other felony offenses related to the gun possession or in connection therewith. The only felony that occurred on the date of his arrest or prior to was possession of a stolen firearm by a convicted felon.

Mr. Fleming understands that the four-level enhancement is applicable even though the felony in connection with which the firearm is possessed was not an offense for which the defendant was convicted. ***See United States v. Gambino-Zavala***, 539 F.3d 1221, 1230 n.3 (10th Cir. 2008). Nonetheless, the mere allegation without lab reports to establish that the alleged methamphetamine was indeed methamphetamine or evidence that the money was indeed counterfeit does not support the finding by a preponderance of the evidence that Mr. Fleming committed another felony. While it is possible that the drugs were indeed methamphetamine and that the money was indeed counterfeit, the evidence does support that factual allegation. ***See United States v. Kepler,*** 2012 WL 592422, at 5 (D.N.M. 2012). Therefore, the four-level enhancement should not be applied.

**B.** **<u>The firearms did not facilitate another felony offense</u>**

If the Court finds that the Defendant did commit other felonies besides the possession of the firearms, the four-level enhancement is still inapplicable because the firearms did not facilitate commission of the other felonies. Application Note 14 to §2K2.1 specifies that a firearm's use or possession is "in connection with" a different felony "if the firearm..facilitated, or had the potential of facilitating, another felony offense." The "plain and commonly understood meaning of 'facilitate' is to make easier." *See United States v. Marrufo*, 661 F.3d 1204, 1207 (10th Cir. 2011). In *United States v. Justice*, 679 F.3d 1251 (10th Cir. 2012) the Court stated that "possession of a firearm may facilitate an offense by emboldening the possessor to commit the offense." *Maruffo* at 1255. The Court further cautioned that "emboldenment is not always present when firearms are near drugs." *Maruffo* at 1256.

In Mr. Fleming's case, the possession of the firearms did not make easier or embolden his possession of the drugs or the counterfeit money. The guns were in the attic and not immediately accessible and there is no evidence that he possessed the weapons while he was in possession of the methamphetamine or counterfeit money. When the agents arrested Mr. Fleming, they found on his person suspected methamphetamine, a SD disk, and a black cell phone. There was no firearm on his person. If the firearms were to facilitate or embolden Mr. Fleming's alleged drug possession or distribution, it is believed Mr. Fleming would have the firearms on his person while possessing the alleged methamphetamines. Consequently, since the firearms did not facilitate or embolden the possession of the methamphetamines or counterfeit money, the four-level enhancement is not warranted.

## II. CONCLUSION

Therefore, considering all the facts, the evidence does not support a four level upward adjustment under U.S.S. G. §2K2.1(b)(6).  Defendant requests an evidentiary hearing and would ask the Court to make the final determination as to whether the §2K2.1(b)(6) level increase applies.

Respectfully submitted,

/s/ Orlando Mondragon
ORLANDO MONDRAGON
Attorney for Defendant
SBN: 21803
1028 Rio Grande
El Paso, TX 79902
(915) 566-8181

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2019, I electronically filed the foregoing Objections to Pre-Sentence Investigative Report using the CM/ECF system, which will send notification of such filing to Assistant United States Attorney assigned to this case.

        /s/ ORLANDO MONDRAGON
Attorney for Defendant