IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL NO. 18-CR-2753 KG |
| ) | |
| vs. ) | |
| ) | |
| **EDWARD FLEMING,** ) | |
| ) | |
| Defendant. ) | |

UNITED STATES' RESPONSE TO DEFENDANT'S
OBJECTIONS TO THE PRE-SENTENCE INVESTIGATION REPORT

The United States hereby responds to the defendant's Objections to the Pre-sentence Investigation Report, filed April 17, 2019.  Doc. 42.

On November 26, 2018, the defendant pled guilty without a plea agreement to Counts 7 and 8 of the indictment charging felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g), and possession of a stolen firearm, in violation of 18 USC § 922(j).  Doc. 34.  On March 22, 2019, the Presentence Investigation Report was filed, in which the defendant's guideline range was calculated to be 63 to 78 months, based on a total offense level of 19 and criminal history category VI.  Doc. 37.

The defendant objects to the application of the four level enhancement for the use or possession of a firearm in connection with another felony offense, pursuant to U.S.S.G. § 2K2.1(b)(6)(B).  Doc. 42 at 1.  The defendant makes two arguments.  First, the defendant argues that the evidence does not establish that the defendant committed another felony offense.  *Id*. at 1-2.  Second, the defendant argues that the firearms did not facilitate another felony offense.  *Id*. at 2-3.  Neither argument has merit.

The PSR notes that the defendant said that he obtained one of the firearms when he gave another person methamphetamine and $200.  Doc. 37 at ¶ 14.  Trading drugs for a gun is a crime.  *See United States v. Luke-Sanchez*, 483 F.3d 703, 706 (10th Cir. 2007) (trading drugs for guns sufficient to meet in furtherance prong of 18 U.S.C. § 924(c)).  Moreover, it is a crime facilitated by the firearm.  As a result, the enhancement applies.

In addition, the PSR notes that a stolen firearm, a loaded syringe, drug paraphernalia, 11 counterfeit $100 bills, and a digital scale were found in the defendant's RV.  Doc. 37 at ¶ 13.  Defendant alleges that the currency was not counterfeit, but rather was clearly fake.  Doc. 42 at 2.  Attached hereto as Exhibit 1 is a photograph of the counterfeit currency, reflecting that it was not clearly fake.  As a result, the enhancement also was proper based on the drug related items and counterfeit currency located in the RV.[1]

Based on the foregoing argument and authority, the United States respectfully submits that the Court should deny the defendant's objection and find that the properly calculated guideline range is 63 to 78 months of imprisonment.  The United States requests that the Court sentence the defendant to the low end of the guideline range, 63 months imprisonment.

Respectfully submitted,

JOHN C. ANDERSON
United States Attorney

*Electronically Filed 4/23/2019*
RICHARD C. WILLIAMS
Assistant U.S. Attorney
200 N. Church Street
Las Cruces, NM  88001
(575) 522-2304 – Tel.
(575) 522-2391 – Fax

---

[1] The defendant argues that the suspected methamphetamine in his pocket does not support the enhancement because there is no lab report.  Based on the information available at the time of this filing, the United States agrees that the substance in the defendant's pocket does not support the enhancement.

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification to defense counsel of record.

*<u>Electronically Filed 4/23/2019</u>*
RICHARD C. WILLIAMS
Assistant U.S. Attorney