IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                     No. CR 18-2753 KG

EDWARD FLEMING,

    Defendant.

## ORDER ON MOTION FOR JUDICIAL RECOMMENDATION

This matter is before the Court on Defendant Edward Fleming's Motion Requesting a Judicial Recommendation Concerning Length of RRC/Halfway House Placement (Motion) (Doc. 56). The United States did not file a response to Mr. Fleming's Motion and the time for doing so has now passed. *See* D.N.M.LR-CR 47.8(a) (explaining that "[a] response must be served and filed within fourteen (14) calendar days after service of the motion"). Having considered Mr. Fleming's Motion and the relevant law, the Court denies the Motion for the reasons discussed herein.

On June 4, 2019, the Court sentenced Mr. Fleming to 46 months of imprisonment and three years of supervised release. (Doc. 55) at 3-4. In his instant Motion, Mr. Fleming requests that the Court "recommend that the Bureau of Prisons [] afford the Defendant Residential Re-entry Center [] halfway house placement time of 12 months preceding the end of his sentence." (Doc. 56) at 1. In support of his Motion, Mr. Fleming cites the Second Chance Act of 2007. *Id.* at 1-2. Mr. Fleming explains that he is "young enough to be reformed and rejoin law-abiding society," and placement in a halfway house would help him reintegrate into the community. *Id.*

at 2-3. Mr. Fleming also states that he is enrolled in the Bureau of Prison's (BOP) Residential Drug Abuse Program. *Id.* at 3.

Under the Second Chance Act, an individual in BOP custody may petition for transfer to a residential reentry center for the remaining twelve months of their sentence. 18 U.S.C. § 3624(c)(1). Specifically, the Second Chance Act provides:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

*Id.* The Act directs the BOP to determine "appropriate and suitable" placement "on an individual basis[,] and of sufficient duration to provide the greatest likelihood of successful reintegration into the community." *Id.* at § 3624(c)(6)(A)-(C); 18 U.S.C. § 3621(b).

District courts are split on "whether a district court can make imprisonment placement recommendations on a [d]efendant's post-sentencing motion." *United States v. Ferguson*, 2018 WL 5095149, at *2 (D.S.C.); *see also Carter v. United States*, 2018 WL 2376513 (E.D. Wis.) (collecting cases). In the District of New Mexico, "courts have concluded that they lack authority to make recommendations after sentencing," including recommendations requested under the Second Chance Act. *Ferguson*, 2018 WL 5095149, at *3; *see also Guzman-Dominguez v. United States*, 2020 WL 2329503, at *2 (D.N.M.) (concluding that "[c]ourt lacks authority to issue any binding order as to an inmate's placement in a halfway house"); *United States v. Holcomb*, 2018 WL 1896542, at *2 (D.N.M.) (holding that "district court may not encroach upon the BOP's authority to decide where the prisoner may be confined during the pre-release period") (internal citations omitted).

Consistent with this Court's prior conclusions and the general trend in this district, the Court holds that it lacks authority to make a placement recommendation to the BOP on behalf of Mr. Fleming. However, Mr. Fleming may petition the BOP directly for placement in a halfway house facility under the Second Chance Act. *See* 18 U.S.C. § 3621(b) (explaining that BOP "shall designate the place of the prisoner's imprisonment"). In closing, the Court applauds Mr. Fleming for his participation in the BOP's Residential Drug Abuse Program. *See* (Doc. 56) at 3 (explaining that "Mr. Fleming has enrolled in the BOP's Residential Drug Abuse Program to try to help himself as much as possible").

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE